Thomas J. Polis, Esq. - SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

Counsel for Debtor/Debtor-In-Possession,
Cal Premium Treats, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Cal Premium Treats, Inc.,<br><br>    Debtor and Debtor-In-Possession. | Case No. 6:16-bk-127522-SC<br><br>Chapter 11<br><br>**DEBTOR/DEBTOR-IN-POSSESSION'S MOTION FOR ORDER AUTHORIZING AND APPROVING SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR TO THE QUALIFIED PARTY PRESENTING THE HIGHEST AND/OR OTHERWISE HIGHEST QUALIFIED BID FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, AND INTERESTS EXCEPT ASSUMPTION OF CERTAIN SECURED CLAIMS DEFINED HEREIN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD ALLEN IN SUPPORT OF SALE MOTION**<br><br><u>HEARING</u>:<br>Date:  May 9, 2017<br>Time:  1:30 p.m.<br>Ctrm[1]: 225, 2nd Floor<br>       3420 Twelfth Street<br>       Riverside, California 92501 |

///

///

///

///

---

[1] Pursuant to the Court's procedures, counsel and interested parties may appear at either the above-captioned Riverside Courtroom or the Court's Santa Ana Courtroom, Courtroom 5C, 5th Floor, located at the Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Santa Ana, California 92701.

SaleMtn 040617.wpd                                            **1**

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE; THE RIVERSIDE DIVISION OF THE OFFICE OF THE UNITED STATES TRUSTEE; THE STALKING HORSE BIDDER AND OTHER QUALIFIED BIDDERS; THE DEBTOR'S SECURED CREDITORS; AND PARTIES REQUESTING SPECIAL NOTICE:**

Cal Premium Treats, Inc. ("Debtor" or "CPT"), respectfully requests an *Order of the Bankruptcy Court: Authorizing and Approving the Sale of Substantially All Assets of the Debtor to the Highest Qualified Bidder or Other Qualified Bidder, or Party Presenting the Highest and/or Otherwise Best Bid Free and Clear of Liens, Encumbrances and Interests Except Assumption of Certain Secured Debts* ("*Sale Motion*").

**I.**

**INTRODUCTORY STATEMENT**

As detailed herein, the Debtor is requesting that the Court approve the sale of substantially all of its assets to the highest qualified bidder, pursuant to the offer, as amended, as explained herein, or to a qualified overbidder. The Debtor believes a qualified overbid that otherwise complies with Sections 363(f) and 365 of the Bankruptcy Code is the most efficient and expeditious resolution of the Debtor's insolvency situation. The Debtor's principals believe that the proposed sale of substantially all of its assets to the highest qualified bidder will have overwhelmingly universal support from all creditor constituents including, but without limitation, secured creditors, present employees and unsecured creditors. The Debtor believes that the proposed sale to the highest qualified overbidder, as outlined herein and consistent with Sections 363 and 365 of the Bankruptcy Code, is the best result for all parties. The Court has already approved the Bid Procedures (ECF Docket No.: 109, Order pending), subject to slight modifications and this *Sale Motion* is intended to be consistent therewith.

**II.**

**PROCEDURAL BACKGROUND**

On August 22, 2016, the Debtor commenced its Voluntary Chapter 11 Bankruptcy case before the Court. On or about September 22, 2016, the Debtor, through its Chief Reorganization Officer, Richard Allen, appeared to be examined under Section 341(a) of the

Bankruptcy Code. The Office of the United States Trustee conducted and concluded the Debtor's Section 341(a) hearing. At all times since the Debtor filed its bankruptcy case, it has functioned and operated as a debtor-in-possession pursuant to Section 1107 of the Bankruptcy Code. On April 4, 2017, the Court approved the Bid Procedures (ECF Docket No.109) that shall dictate the bidding procedure for the sale.

**III.**

**FACTUAL SUMMARY IN SUPPORT OF**

**DEBTOR'S SALE MOTION**

As noted in the recently filed and served *Notice of Sale of Substantially All of the Debtor's Assets* ("*Sale Notice*"), the Stalking Horse Bidder has amended its purchase offer that will substantially benefit the Debtor's secured creditors, employees. The Stalking Horse Bidder has submitted its formal offer along with proof of ability to close the transaction with payment in full.

The summary of the terms of the Stalking Horse Bidder's offer is the following:

(i) The Stalking Horse Bidder (or Assignee) shall acquire all the personal property tangible and intangible assets of the Debtor relating to its business operations;

(ii) Total purchase price shall be $5,070,000 (Five Million Seventy Thousand Dollars) or if increased by a bona fide overbid in an amount no less than required in the Bid Procedures;

(iii) The Stalking Horse Bidder shall assume no liabilities or obligations of the Debtor other than the aggregate $4,800,000 of secured debt owed pro rata to the U.S. Small Business Administration and the non-institutional lender, US Employment Development;

(iv) The Stalking Horse Bidder shall acquire the Acquired Assets free and clear of any and all debts, liens, claims, causes of action, and security interests, whether known or unknown other than specified herein;

///

(v)    The closing for the sale of the Debtor's Assets shall occur on or before June 15, 2017;

(vi)    The minimum incremental overbids shall begin at least $100,000.00 (One Hundred Thousand Dollars) higher than the Opening Bid (the initial next highest Opening Bid shall be no less than $112,000 greater than the initial bid of $5,070,000), and shall be in minimum increments of $100,000.00 (One Hundred Thousand Dollars); and

(vii)    In the event the Stalking Horse Bidder is not the successful purchaser, it shall be entitled to reimbursement of its reasonable costs, attorneys' fees and other professional fees, not to exceed in aggregate amount of $112,000.00 (One Hundred Twelve Thousand Dollars) as expressly provided for in the Bid Procedures.[2]

The Debtor's principals have confirmed that the secured creditors itemized herein constitute all of the secured creditors who assert properly perfected and otherwise not avoidable secured claims against the Debtor's bankruptcy estate. *See*, the Declaration of Richard Allen, attached hereto. The Debtor's principals have obtained the express consent of the itemized secured creditors as to proposed the purchase price (or any properly submitted overbid) and the Stalking Horse Bidder is requesting a complete assumption of the Debtor's debts.

## IV.
## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THE DEBTOR'S SALE

**A.    THE PROPOSED SALE SHOULD BE APPROVED**

11 U.S.C. § 363(b) empowers a debtor to "sell ... other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b), in considering a proposed sale, courts look at whether the sale is in the best interests of the estate based on the facts and history of the case. *In re America West Airlines*, 166 B.R. 908, 912 (Bankr. D. Az. 1994) (citing *In re*

---

[2] The general description is not intended to be a substitute for the exact language of the Court approved Bid Procedures [ECF Docket No.: 109], thus to the extent there is any discrepancy, those documents and/or the Asset Purchase Agreement shall control.

*Lionel Corp.*, 722 F. 2d. 1063, 1071 (2d. Cir. 1983)).  This requires examination of the "business justification" for the proposed sale.  *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (B.A.P. 9th Cir. 1996); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991); *In re Ernst Home Center, Inc.*, 209 B.R. 974 (Bankr. W.D. Wash. 1997).

"In approving any sale outside the ordinary course of business, the court must not only articulate a sufficient business reason for the sale, it must further find it is in the best interest of the estate, *i.e.,* it is fair and reasonable; that it has been given adequate marketing; that it has been negotiated and proposed in good faith; that the purchaser is proceeding in good faith; and that it is an "arms-length transaction." *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (B.A.P. 9th Cir. 1996).  A bankruptcy court's power to authorize a sale under § 363(b) is reviewed for abuse of discretion.  *In re Walter*, 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988).

A sale of substantially all of the Debtor's assets without a plan of reorganization is also permissible.  *See*, *In re Lionel Corp.*, 722 F. 2d. 1063, 1071 (2d. Cir. 1983); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal 1991); *In re Walter*, 83 B.R. 14 (9th Cir. B.A.P. 1988).  "Numerous courts have held that a chapter 11 debtor may sell substantially all of its assets under 11 U.S.C. § 363(b) in the absence of a plan, so long as sound business purposes justify the sale." *In re Idaho Photocopy & Supply, Inc.*, 1994 W.L. 553065 (Bankr. D. Idaho 1994).

In this case, the proposed sale to the Stalking Horse Bidder or a qualified overbidder has a legitimate and sound business justification and is in the best interest of the estate.

**1.    The Sale is for Fair Market Value and the Result of an "Arms-Length" Transaction.**  The proposed purchase price of $5,070,000.00 represents the fair market value of the Sale Assets.  The Ninth Circuit has held that the "fair market value" of an asset is that which a party is willing to pay for such asset in the context of a commercially reasonable transaction.  *See*, *e.g.*, *Romey v. Sun National Bank* (*In re Two "S" Corporation*), 875 F. 2d. 240, 243 (9th Cir. 1989) (holding that, for purposes of valuing secured claims under § 506(a), the best evidence of fair market value of property secured by a lien is the price of such property

reached in a commercially reasonable sale). The ability of other potentially interested parties to provide competing offers for the assets further ensures fair price in that the proposed sale does not result in a lucrative "windfall" to the buyer at the expense of creditors of the estate. *See*, *In re Onouli-Kona Land Co.*, 846 F. 2d. 1170 (9th Cir. 1988). Though it will eventually be determined during the November 30, 2012 Sale Hearing, the Debtor's representatives believe the Stalking Horse Bidder's offer, or a qualified overbid that also complies with Section 363(f) of the Bankruptcy Code, is the best price for the Debtor's assets.

Here, sufficient evidence exists to support a finding that the proposed sale was conducted in a commercially reasonable manner, and such a commercially reasonable sale represents the fair market value of the Sale Assets. As stated in the Declaration of Richard Allen, the proposed sale to the Stalking Horse Bidder is by far the best price for the Debtor's assets.

The Debtor's principal further believes that there are a few individuals who could effectively operate the business. The Debtor's principals, therefore, believe that further marketing of the business would not benefit the Debtor's bankruptcy estate. Instead, the Debtor negotiated the $5,070,000.00 offer from Star Milling Co., and given the Debtor's schedules listing the value of the assets, the Debtor believes the offer represents the fair market value of the Sale Assets. The Debtor's United States Trustee Monthly Operating Reports from the last few months show only moderate profitability, indicating that the offer by the Stalking Horse Bidder reflects the fair market value. Further, the Notice of Sale was served on all creditors with an opportunity to object or overbid.

**B.    THE SALE ASSETS SHALL BE SOLD FREE AND CLEAR OF LIENS**

The Court should approve the sale of the Sale Assets free and clear of any liens, claims, and interests, except for the assumed secured claims of the Small Business Administration and the US Employment Development by the Stalking Horse Bidder, pursuant to 11 U.S.C. § 363(f), with any liens and encumbrances to attach to the proceeds of the sale, with all parties reserving their rights with respect to such liens and encumbrances, including the Debtor's right to dispute, subordinate, avoid, or object to the amount, validity, scope and priority of such liens.

11 U.S.C. § 363(f) describes the circumstances under which a debtor may sell property of the estate free and clear of any interest of third parties in such property as follows:

> The trustee [debtor] may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> 1. applicable nonbankruptcy law permit sale of such property free and clear of such interest;
>
> 2. such entity consents;
>
> 3. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> 4. such interest is in bona fide dispute; or
>
> 5. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Because subsections (1) through (5) of § 363(f) are written in the disjunctive, authority to sell the Debtor's Sale Assets free and clear of any and all interests should be granted if any of the conditions are met with respect to each interest holder.

Courts uniformly hold that for a "bonafide" dispute under Section 363(f)(4) that the Court must find whether there is an objective basis for either a factual or legal dispute as to the validity of the secured claim. Courts further hold that the court need not resolve the underlying dispute, but rather confirm the existence of the dispute. *See*, *In re Collins*, 180 B.R. 447 (Bankr. E.D.Va. 1995) and *In re Octagon Roofing*, 123 B.R. 583 (Bankr. ND. Ill. 1991).

**C.    GOOD FAITH BUYER**

The Stalking Horse Bidder, or a qualified overbidder, should be deemed a "good faith purchaser" pursuant to 11 U.S.C. § 363(m), which provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

///

The requirement that a purchaser act in good faith speaks to the integrity of its conduct in the course of the sale proceedings. In order for conduct to rise to the level of bad faith sufficient to implicate Section 363(m) of the Bankruptcy Code, the improper conduct must involve the "...integrity of [the purchaser's] conduct in the course of the sale proceedings. *In re Rock*, 572 F2d 1198. The type of misconduct that would destroy a purchaser's good faith status in regards to a court monitored sale must involve fraud, collusion between the purchaser and other bidders, or an attempt to take grossly unfair advantage of other bidders. *See*, *In re Eweill*, 958 F2d 276 (9th Cir. 1992).

The sale was negotiated with the Stalking Horse Bidder at "arms-length". Moreover, with the opportunity to overbid by other interested parties, the bidding will be conducted in a commercially reasonable manner. Therefore, pursuant to § 363(m), the Stalking Horse Bidder is a "good faith purchaser". Despite such inquires and negotiations, no acceptable offer was submitted, much less an offer as economically attractive as the Stalking Horse Bidder's offer. In the event the Stalking Horse Bidder wants to "assign" its rights under the Asset Purchase Agreement, the Debtor shall supplement its evidence concerning the good faith purchase.

**V.**

**CONCLUSION**

Based on the foregoing, the Debtor respectfully represents that this Court enter an order:

1.  Granting the Debtor's *Sale Motion*;
2.  Finding that notice of the *Sale Motion* is proper and adequate;
3.  Finding that all applicable requirements of 11 U.S.C. § 363 are satisfied;
4.  Finding that the Stalking Horse Bidder, or a successful qualified overbidder, upon completion of the sale auction, is a good faith purchaser pursuant to 11 U.S.C. § 363(m);
5.  Finding that the sale of the Sale Assets was negotiated in good faith and at arms length and are in the best interest of the Estate and proper exercise of the Debtor's business judgment;

///

///

6. Authorizing the Debtor to sell and approving the sale of the Sale Assets to the Stalking Horse Bidder or successful qualified overbidder pursuant to the Term Sheet and Asset Purchase Agreement;

7. Authorizing the Debtor to execute any documents required in connection therewith, including an Assignment of Certain Executory Contracts, and to take any other actions necessary to effectuate the sale of the Sale pursuant to the Term Sheet and fully executed Asset Purchase Agreement;

8. Waiving the requirements of a stay pursuant to Federal Rules of Bankruptcy Procedure 6004(g);

9. For such other relief as the Court may deem just and necessary.

**DATED: April 7, 2017**　　　　　　　　　**POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION**

　　　　　　　　　　　　　　　　**By:　/s/ Thomas J. Polis
Thomas J. Polis
Counsel for Debtor/Debtor-In-Possession,
Cal Premium Treats, Inc.**

## DECLARATION OF RICHARD ALLEN

I, Richard Allen, hereby declare as follows:

1. I am the Chief Reorganization Officer of the Debtor and Debtor-In-Possession, Cal Premium Treats, Inc. ("Debtor" or "CPT"), Case No.: 6:16-bk-17522-SC. I make this Declaration in support of the Debtor's *Motion for Order Authorizing and Approving Sale of Substantially All Assets of the Debtor to the Qualified Party Presenting the Highest And/or Otherwise Highest Qualified Bid Free and Clear of Liens, Claims and Encumbrances, and Interests Except Assumption of Certain Secured Claims*. If compelled to do so, I would be able to competently testify under the penalty of perjury of the laws of the United States to all of the facts stated herein.

2. I am responsible for overseeing the day-to-day business operations and financial performance of the Debtor. Consequently, I am involved in supervising all aspects of the Debtor's business affairs.

3. In my capacity as CPT's Chief Reorganization Officer, I am required to, and have become, personally familiar with the manner in which CPT's documents, books, and records are prepared and maintained. CPT's regular course of business is to create and maintain detailed records for all of its transactions and borrower files.

4. It is CPT's practice to record transactions, acts, conditions and events concerning its transactions, including but without limitation, and all related documents relevant to CPT's claims. CPT maintains those records and relies upon such records in business dealings with third parties.

5. I have personally reviewed CPT's documents, books and records to the extent necessary to prepare this declaration.

6. On August 22, 2016 ("Petition Date"), the Debtor commenced its bankruptcy case under Chapter 11 of the Bankruptcy Code with this Court. Since the Debtor commenced its Chapter 11 case, it has remained in possession and continued in the operation of its business affairs. The Debtor's business is primarily the manufacturing of dog and cat pet treats.

7. On behalf of the Debtor, I believe there are valid business reasons to sell substantially all of its assets to the Stalking Horse Bidder in accordance with the Term Sheet (A

true and correct copy of the Term Sheet attached hereto as Exhibit "A") or to a Prevailing Overbidder. First, the sale is a necessary and integral part of the Debtor's efforts to expeditiously and efficiently liquidate its estate. Secondly, the sale of the Debtor's assets will generate substantial sale proceeds for the estate and will relieve the Debtor's estate of secured claim liabilities. Third, the purchase price is fair and reasonable, and is subject to overbidding at a public auction.

8. Based on my discussions on behalf of the Debtor, significant discussions with numerous parties relating to the sale or merger of substantially all of the Debtor's assets, and in light of the Debtor's pre-petition extensive marketing efforts, I believe, on behalf of the Debtor, that the Stalking Horse Bidder's offer is reasonable.

9. In this case, I believe, on behalf of the Debtor, I have diligently attempted to market the Debtor's business assets; however, all such efforts failed to materialize in an aggregate offer that accomplishes what the offer by the Stalking Horse Bidder.

10. I believe the Debtor, through my efforts, exhausted its marketing efforts in the manufacturing of pet treats and related industries. My discussions on behalf of the Debtor did not result in any proposed sale or merger more beneficial to the Debtor's creditors and employees, than that of the Stalking Horse Bidder as amended proposal as noted herein. Thus, I do not believe any further marketing efforts will be fruitful.

11. I believe that the Stalking Horse Bidder and its principals, are acting in good faith in all respects of the proposed sale as provided in Section 363(m) of the Bankruptcy Code. Finally, there has been absolutely no collusion, improper behavior, undue influence, or acts that could be deemed to be not in good faith, as I am informed is required under Section 363(m) of the Bankruptcy Code.

I declare under penalty of perjury of the laws of the United States of America that all the statements herein are true and correct.

Executed this 7th day of April, 2017, at Riverside, California.

Richard Allen

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19800 MacArthur Boulevard, Suite 1000
Irvine, California  92612-2433**

A true and correct copy of the foregoing document described **DEBTOR/DEBTOR-IN-POSSESSION'S MOTION FOR ORDER AUTHORIZING AND APPROVING SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR TO THE QUALIFIED PARTY PRESENTING THE HIGHEST AND/OR OTHERWISE HIGHEST QUALIFIED BID FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, AND INTERESTS EXCEPT ASSUMPTION OF CERTAIN SECURED CLAIMS DEFINED HEREIN; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD ALLEN IN SUPPORT OF SALE MOTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 7, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED PAGE

■ Service information continued on attached page

**2.  SERVED BY U.S. MAIL:**
On **April 7, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott Clarkson, US Bankruptcy Court, 411 W. Fourth Street, Suite 5130, Santa Ana, CA 92701

■ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL,  FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 7, 2017 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*June 2012*     **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL PROOF OF SERVICE LIST**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
John A Boyd    fednotice@tclaw.net
Michael J Bujold    Michael.J.Bujold@usdoj.gov
Richard K Diamond    rdiamond@dgdk.com, DanningGill@gmail.com;rdiamond@ecf.inforuptcy.com
Bryan S Owens    bowens@bowenslaw.com
Valerie B Peo    vbantnerpeo@buchalter.com
Douglas A Plazak    dplazak@rhlaw.com
Hilton A Ryder    hilton.ryder@mccormickbarstow.com, rosanne.dodson@mccormickbarstow.com
Troy G Sexton    tsexton@portlaw.com
Mohammad Tehrani    Mohammad.V.Tehrani@usdoj.gov
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
Eve H Karasik    ehk@lnbyb.com
Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
Bradley A Silva    basilva@sbcglobal.net

**SERVED VIA U.S. MAIL - TWENTY LARGEST CREDITORS**

A Plus Homes, Inc., dba A Plus Environmental, 9351 Narnia Dr., Riverside, CA 92503-5634
American Express |P.O. Box 0001|Los Angeles, Ca  90096-0001
Atwork Franchise Inc. |P.O. Box 202992|Dallas, TX 75320-2992
Baghouse & Industrial Sheet Metal |1731 Pomona Road|Corona, CA 92880-6963
California Choice |P.O. Box 7088|Orange, CA 92863-7088
Cargill Food Distribution L.A. |P.O. Box 749481|Los Angeles, CA 90074-9481
Cortland CMS Business Loan Services |8440 Allison Pointe Blvd., #400|Indianapolis, IN 46250-4202
Enviro Pack/TECH-MAR K, Inc. |15450 SE For Mor Ct.|Clackamas, OR 97015-9018
G & M Hire Enterprises, LLC c/o Del Mar Law |12250 El Camino Real,  Suite 120|San Diego, CA 92130-3091
Gerard Daniel Worldwide |Michael J Riechmann Esq|1806 No Broadway Ste A|Santa Ana CA 92706-2668
Ideal Corporate Funding, Inc. |Irving Ayasll|14 Albert Leonard Id .|New Rochelle, NY 10804-3450
Northland Choice |437 34th Ave. S|Waite Park, MN 56387-4530
Paylocity |3850 N . Wilke Road|Arlington Heights, IL 60004-1271
Perdue Foods LLC |c/o Frederick W.H. Carter|Venable LLP|750 E. Pratt Street, Suite 900|Baltimore,MD 21202-3157
Reiser |725 Dedham St.|Canton, MA 02021-1402
Salvatore Palermo |3317 Ocean Blvd.|Corona Del Mar, CA 92625-3257
Snelling |P.O. Box 650765|Dallas, TX 75265-0765
Southern California Edison Company |1551 W San Bernardino Rd|Covina CA 91722-3407
Treif USA, Inc. |c/o Snell & Wilmer L.L.P.|Attn:  Michael B. Reynolds|600 Anton Blvd., Ste 1400|Costa Mesa, CA 92626-7689
US Treasury |304 S. Broadway #550|Los Angeles, CA 90013-1247