PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
MOHAMMAD TEHRANI, SBN 294569
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    Mohammad.V.Tehrani@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>CAL PREMIUM TREATS, INC.,<br><br>Debtor. | Case No. 6:16-bk-17522-SC<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR/DEBTOR-IN-POSSESSION'S MOTION FOR ORDER AUTHORIZING AND APPROVING SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR TO THE QUALIFIED PARTY PRESENTING THE HIGHEST AND/OR OTHERWISE HIGHEST QUALIFIED BID FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES EXCEPT ASSUMPTION OF CERTAIN SECURED CLAIMS DEFINED HEREIN**<br><br>Date:    May 9, 2017<br>Time:    1:30 p.m.<br>Place:    United States Bankruptcy Court<br>        Video Courtroom 126<br>        3420 Twelfth Street<br>        Riverside, CA 92501 |

-1-

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, AND ALL PARTIES IN INTEREST:**

Peter C. Anderson, the United States Trustee for Region 16 ("U.S. Trustee"), hereby objects to the *Debtor/Debtor-in-Possession's Motion for Order Authorizing and Approving Sale of Substantially All Assets of the Debtor to the Qualified Party Presenting the Highest and/or Otherwise Highest Qualified Bid Free and Clear of Liens, Claims and Encumbrances, and Interests Except Assumption of Certain Secured Claims Defined Herein* [docket number 121] ("Sale Motion") filed by Cal Premium Treats, Inc. ("Debtor").

The Sale Motion seeks to sell substantially all of the Debtor's property in exchange for partial debt assumption and the cash payment of $270,000 for "various unsecured creditors". The U.S. Trustee contends that the Court should deny the Sale Motion because: (1) the Sale Motion does not establish the requirements for a free and clear sale; and (2) the Sale Motion does not account for secured creditors' rights to credit bid.

**I. THE COURT SHOULD DENY THE MOTION BECAUSE IT DOES NOT JUSTIFY THE SALE OF PROPERTY FREE AND CLEAR LIENS AND INTERESTS**

A debtor-in-possession may sell estate property free and clear of a secured creditor's lien only if at least one of five conditions are satisfied: (1) applicable nonbankruptcy law permits the sale of such property free and clear of the lien; (2) the secured creditor consents; (3) the price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the lien is in a bona fide dispute; or (5) the secured creditor could be compelled to accept a money satisfaction of the interest.  11 U.S.C. § 363(f)(1)-(5).

The Debtor seeks to sell property, primarily by loan assumption, which is encumbered by at least two liens: one in the amount of $6,277,096.75 in favor of American Lending Center, formerly known as U.S. Employment Development Lending Center, LLC ("U.S. Employment") and one in favor of the United States Small Business Administration in the amount of $4,050,081.37.  Despite these liens totaling $10,327,178.12, the Sale Motion seeks a "sale" by transferring only $4,800,000 of the liens on the property to the proposed buyer, with the remaining $5,527,178.12 free and clear

without any proceeds to which they can attach. Further, any and all other interests and claims are also being sold free and clear.

The Sale Motion fails to establish any of Section 363(f)'s conditions to sell the property free and clear of the liens. No showing is made that either: (1) applicable law permits the sale free and clear, (2) that the secured creditors consent, (3) that the sale price exceeds the value of all liens, (4) that the secured claims are in bona fide dispute, or (5) that the secured claims could be compelled to accept a money satisfaction of their interests. Indeed, other than setting out the legal requirements for Section 363(f), the Sale Motion fails to address Section 363(f) in any other fashion, including its application to the proposed sale. Accordingly, the Sale Motion fails to establish Section 363(f), and the Court should deny the Sale Motion.

## II. THE COURT SHOULD DENY THE SALE MOTION TO THE EXTENT THAT IT DOES NOT PROTECT SECURED CREDITORS RIGHTS TO CREDIT BID

As a protection to secured creditors from the undervaluation of assets sold, a secured claimholder may credit bit up to the amount of its allowed claim in any Section 363(b) sale of its collateral, unless the court orders otherwise. 11 U.S.C. § 363(k); *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 333 (3d Cir. 2010).

Paragraph 2.a. of the *Notice of Sale of Estate Property Continuation Page* [docket number 123 at p. 3] states that any overbid at the auction must, among other things, be provided in cash for at least $5,070,000. The U.S. Trustee objects to the Sale Motion to the extent that the terms require cash and implicitly seeks the Court's approval to deny secured creditors the right to credit bid.

## III. CONCLUSION

For the foregoing reasons, the U.S. Trustee respectfully requests that the Court deny the Sale Motion.

DATED: April 17, 2017          PETER C. ANDERSON
                               UNITED STATES TRUSTEE

                               By: /*s/ Mohammad Tehrani*
                                   Mohammad Tehrani
                                   Trial Attorney

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Office of the U. S. Trustee, 3801 University Avenue, Suite 720, Riverside, CA 92501**

A true and correct copy of the document entitled (*specify*)**: UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR/DEBTOR-IN-POSSESSION'S MOTION FOR ORDER AUTHORIZING AND APPROVING SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR TO THE QUALIFIED PARTY PRESENTING THE HIGHEST AND/OR OTHERWISE HIGHEST QUALIFIED BID FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES EXCEPT ASSUMPTION OF CERTAIN SECURED CLAIMS DEFINED HEREIN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Debtor:
> Cal Premium Treats, Inc.
> 20343 Harvill Avenue
> Perris, CA 92570

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 1, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Presiding Judge:  (overnight mail via Fed Ex)
Hon. Scott C. Clarkson
411 W. Fourth St., #5130
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 17, 2017 | Mohammad Tehrani | /s/ Mohammad Tehrani |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# Mailing Information for Case 6:16-bk-17522-SC

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **John A Boyd**     fednotice@tclaw.net
- **Michael J Bujold**     Michael.J.Bujold@usdoj.gov
- **Richard K Diamond**     rdiamond@dgdk.com, DanningGill@gmail.com;rdiamond@ecf.inforuptcy.com
- **Eve H Karasik**     ehk@lnbyb.com
- **Bryan S Owens**     bowens@bowenslaw.com
- **Valerie Bantner Peo**     vbantnerpeo@buchalter.com
- **Douglas A Plazak**     dplazak@rhlaw.com
- **Thomas J Polis**     tom@polis-law.com, paralegal@polis-law.com
- **Michael B Reynolds**     mreynolds@swlaw.com, kcollins@swlaw.com
- **Hilton A Ryder**     hilton.ryder@mccormickbarstow.com, rosanne.dodson@mccormickbarstow.com
- **Troy G Sexton**     tsexton@portlaw.com
- **Bradley A Silva**     basilva@sbcglobal.net
- **Mohammad Tehrani**     Mohammad.V.Tehrani@usdoj.gov
- **United States Trustee (RS)**     ustpregion16.rs.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.