Thomas J. Polis, Esq. – SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone:   (949) 862-0040
Facsimile:   (949) 862-0041
E-Mail:  tom@polis-law.com

Counsel for Debtor/Debtor-in-Possession,
Cal Premium Treats, Inc.

FILED & ENTERED

JUN 07 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY craig       DEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>Cal Premium Treats, Inc., a California corporation,<br><br>           Debtor and<br>           Debtor-in-Possession. | Case No. 6:16-bk-17522-SC<br><br>Chapter 11<br><br>**ORDER AUTHORIZING SALE OF ASSETS OF THE DEBTOR'S ESTATE PARTIALLY FREE AND CLEAR OF LIENS AND INTERESTS WITH VARIOUS LIENS TO BE ASSUMED BY PURCHASER;**<br><br>     **[Debtor's Sale Motion, ECF No. 121]**<br><br>**DATE:      May 9, 2017**<br>**TIME:      1:30 p.m.**<br>**PLACE:    Courtroom 5C**<br>              **411 West 4th Street**<br>              **Santa Ana, CA 92701**<br>                        **OR**<br>              **Courtroom 225**<br>              **3420 Twelfth Street**<br>              **Riverside, CA 92501** |

1    On May 9, 2017, at approximately 1:30 p.m., the Debtor's *Motion for Order*

2    *Authorizing and Approving Sale of Substantially All Assets of the Debtor to the Qualified*

3    *Party Presenting the Highest and/or Otherwise Highest Qualified Bid with Partially Free*

4    *and Clear of Liens and Interests with Various Liens to be Assumed by Purchaser* ("Sale

5    Motion"), ECF No. 129 filed by Cal Premium, Inc. ("Debtor") came on for hearing ("Sale

6    Hearing") before the undersigned United States Bankruptcy Judge, Scott Clarkson in

7    Courtroom 5C, located at the Ronald Reagan Federal Building and United States

8    Courthouse, 411 West 4th Street, Santa Ana, California 92701, and Courtroom 225,

9    United States Bankruptcy Court, 3420 Twelfth Street, Riverside, California 92501.

10    Thomas J. Polis, Esq., of Polis & Associates, a Professional Law Corporation, appeared

11    on behalf of the Debtor.  U.S. Small Business Administration having appeared through the

12    U.S. Attorney's Office by Elan S. Levey, Esq.; American Lending Center, LLC fka U.S.

13    Employment Development having appeared through its counsel of record, Reid & Hellyer, by

14    Mark Schnitzer, Esq.; Office of the United States Trustee having appeared through its

15    counsel of record, Mohammad Tehrani, Esq.; Stalking Horse Bidder, Star Milling Co.

16    appeared through its counsel of record, Bradley Silva, Esq. of the Law Offices of Bradley

17    Silva; The J.M. Smucker Company and Big Heart Pet Brands, Inc. (together, "Smucker"),

18    having appeared through its counsel of record, Stephen B. Gerald, Esq. of Whiteford Taylor &

19    Preston, LLC; and Treif USA having appeared through its counsel of record, Michael

20    Reynolds, Esq. of Snell & Wilmer; Qualified Overbidder, Gambol Pet Foods, U.S.A., Inc.

21    ("Gambol") having appeared through its counsel of record, Catherine Allen, Esq. of Tung &

22    Associates. Other appearances, if any, were as reflected on the Court's record of the

23    proceedings.

24    The Court having read and considered the Sale Motion, the declarations and other

25    pleadings filed in support of the Sale Motion, and based upon the other pleadings and

26    documents on file in this Chapter 11 case, the evidence proffered and the arguments of

27    counsel made at the Sale Hearing, and the Court finding that, under the circumstances of

28    this case, the notice given of the hearing on the Sale Motion was sufficient, that the

1    Purchaser made the highest and best qualified bid for the Debtor's assets ("Purchased

2    Assets") in accordance with the *Order Re: Debtor's Motion for Approval of Bid*

3    *Procedures and Related Sale Issues* [Docket No. 129] ("Sale Procedures Order"),

4    entered on April 18, 2017, and the terms and conditions set forth in that certain Asset

5    Purchase Agreement (together with any amendments thereto, the "APA"),[1] and good

6    cause appearing to grant the Sale Motion and the relief granted in this Order,

7         **IT IS HEREBY FOUND AND CONCLUDED**, pursuant to Rule 7052 of the Federal

8    Rules of Bankruptcy Procedure ("Bankruptcy Rules"), that:

9         A.      On August 22, 2016, the Debtor filed a voluntary petition under Chapter 11

10    of the Bankruptcy Code.

11         B.      This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C.

12    §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C.

13    § 157(b)(2)(A) and (N).  Venue of this Chapter 11 case and the Sale Motion in this district

14    is proper under 28 U.S.C. §§ 1408 and 1409.

15         C.      The Debtor has complied with the procedures set forth in the Court's Sale

16    Procedures Order, entered on April 18, 2017, for giving notice of the Sale Motion and the

17    Sale Hearing.

18         D.      The Debtor engaged in fair and reasonable efforts, under the circumstances

19    of its case, to obtain a fair price for the Purchased Assets.  The bidding procedures

20    ("Bidding Procedures") established by the Court pursuant to the Sale Procedures Order

21    have been fully complied with in all material respects.

22         E.      Proper, timely, adequate and sufficient notice of the Sale Motion, the

23    Auction and Sale Hearing has been provided in accordance with Sections 102(1), 105(a),

24    363 and 365 of the Bankruptcy Code, Rules 2002, 6004 and 9014 of the Bankruptcy

25    Rules and all applicable Local Bankruptcy Rules, and such notice was otherwise good

26    and sufficient, and appropriate under the particular circumstances, and no other or further

27

28

---

[1] All otherwise undefined capitalized terms used herein have the meanings provided in the Sale Motion or the APA.  In the event of any inconsistency between the Sale Motion and the APA, the APA shall control.

1  notice of the Sale Motion, the Sale Hearing, or the entry of or relief granted in this Order

2  is required.  A reasonable opportunity to object to, or be heard with respect to, the Sale

3  Motion and the relief requested therein has been afforded to all interested persons and

4  entities.[2]

5    F. Creditors, parties-in-interest and other entities have been afforded a

6  reasonable opportunity to bid for the Purchased Assets under the Bidding Procedures.

7  The Debtor marketed the Purchased Assets and conducted the sale process in

8  compliance with the Sale Procedures Order and the requirements of applicable law.

9    G. The Purchaser is Gambol Pet Care, USA, Inc. ("Purchaser" or "Gambol"),

10  and the prevailing bid of $5,382,000  (Five Million Three Hundred Eighty Two Thousand

11  Dollars) submitted by the Purchaser, as reflected in the APA, is the highest and best

12  offer, received by the Debtor for any of the Purchased Assets.  The consideration to be

13  paid by the Purchaser under the APA constitutes reasonably equivalent value for the

14  Purchased Assets and the other consideration being provided by the Debtor under the

15  APA.

16    H. The decision by the Debtor to enter into the APA reflects an exercise of the

17  sound business judgment of the Debtor.

18    I. Gambol shall satisfy in full the senior secured claim of the U.S. Small

19  Business Administration ("SBA" and/or "SBA Lien") through the sale and close of escrow

20  in the amount of $4,114,793.70, as of June 1, 2017, plus any and all ongoing accrued

21  interest through the date of closing.  The Debtor's other senior secured creditor, American

22  Lending Center, LLC, fka US Employment Development's secured claim of approximately

23  $6,524,000 shall be assumed in its entirety and subject to a continuing first lien UCC-1

24  financing statement encumbering all the Purchased Assets to remain in place following

25  the Sale and has consented and consents to and supports the relief granted in this Order.

26  In conjunction with the Purchaser assuming the American Lending Center, LLC fka US

27

28  [2]The Limited Opposition to the Debtor's Sale Motion filed by the Office of the US Trustee (ECF No. 128) was expressly withdrawn at the outset of the May 9, 2017 Sale Hearing.

Employment Development's secured claim, its claim shall be reduced by payment from the Chapter 11 Debtor of $524,070 (as of June 1, 2017) for unpaid interest. This amount may reduce the amount of the total assumed claim.

J.        The Debtor has full corporate power and authority to execute the APA and all other documents contemplated thereby, and the sale of the Purchased Assets has been duly and validly authorized by all necessary corporate action of the Debtor.  The Debtor has all the corporate power and authority necessary to consummate the transactions contemplated by the APA.

K.        Approval at this time of the APA and for the consummation of the sale of the Purchased Assets ("Sale") is in the best interests of the Debtor and its creditors and estate.

L.        The Debtor has demonstrated good, sufficient and sound business purpose and justification for the Sale. The Debtor has demonstrated also compelling circumstances for the Sale, without the filing and confirmation of a plan of reorganization or plan of liquidation in this case, including, without limitation, the fact that the value of the Purchased Assets is likely to depreciate rapidly in the absence of the Sale.

M.        The APA was negotiated, proposed and entered into by the Debtor and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the APA or the Sale to be avoided under, or that would otherwise implicate, Section 363(n) of the Bankruptcy Code.

N.        The Purchaser is a good faith buyer within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. The Purchaser will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the APA.  Furthermore, Backup Bidder Star Milling Co. and its designee, North Star Pet Products, LLC were also found to be in good faith pursuant to Section 363(m) of the Bankruptcy Code.   Thus,

1  Backup Bidder Star Milling and its designee are likewise entitled to the protections under

2  Section 363(m) of the Bankruptcy Code.

3      O.    The terms and conditions of the APA and the purchase price and any other

4  consideration provided thereunder by the Purchaser (i) are fair and reasonable, (ii)

5  represent the highest and best offer for the Purchased Assets, (iii) will provide a greater

6  recovery for the Debtor's creditors than would be provided by any other practical

7  alternative and (iv) constitute fair consideration.

8      P.    Except for the SBA Lien which shall be satisfied in full through the sale, the

9  Debtor may sell the Purchased Assets free and clear of any and all liens, claims,

10  interests, encumbrances, debts arising in any way in connection with any acts of the

11  Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, liabilities,

12  demands, guaranties, options, rights, contractual commitments, restrictions, interests and

13  matters of any kind or nature, whether incurred voluntarily or arising by operation of law,

14  in the United States or elsewhere, arising prior to the Closing Date or relating to acts

15  occurring prior to the Closing Date, whether imposed by agreement, understanding, law,

16  equity or otherwise and whether known or unknown, disclosed or undisclosed, absolute,

17  contingent, inchoate, fixed or otherwise (the foregoing are collectively referred to as

18  "Encumbrances" herein), except only for any Encumbrance which constitutes an

19  obligation expressly assumed by the Purchaser under the APA (and no other

20  Encumbrances), specifically, the senior secured creditor, American Lending Center, LLC,

21  fka US Employment Development that holds an assumed senior secured claim of

22  approximately $6,524,000 as of June 1, 2017 because one or more of the requirements

23  set forth in Section 363(f) of the Bankruptcy Code has been satisfied.

24      Q.    Except for the SBA Lien which shall be satisfied in full through the sale,

25  pursuant to Section 363(f) of the Bankruptcy Code, the Purchased Assets shall be sold

26  and transferred to the Purchaser free and clear of any and all Encumbrances.  Except

27  only as provided expressly to the contrary in this Order, any such Encumbrances shall

28  attach to the proceeds of the Sale with the same validity and priority as existed prior to

1   the Sale, including but not limited to the senior secured claim of American Lending

2   Center, LLC, fka US Employment Development who holds a validly perfected senior

3   secured claim of $6,524,000 as of June 1, 2017.

4         R.     Except for the SBA Lien which shall be satisfied in full through the sale, the

5   Debtor has good and valid title to the Purchased Assets, and the transfer of the

6   Purchased Assets to the Purchaser shall vest the Purchaser with good and marketable

7   title to the Purchased Assets, free and clear of any and all Encumbrances, except for the

8   senior secured claim of American Lending Center, LLC, fka US Employment

9   Development.

10         S.     Consummation of the Sale, including, without limitation, the transfer of the

11   Purchased Assets to the Purchaser shall not subject the Purchaser to any debts,

12   liabilities, obligations, commitments, responsibilities or claims of any kind or nature

13   whatsoever, whether known or unknown, contingent or otherwise, existing as of the date

14   hereof or hereafter arising, of or against the Debtor, any affiliate of the Debtor, or any

15   other entity, including, without limitation, based on any theory of successor, transferee or

16   other liability, except only that the Purchaser shall be liable for payment of the liabilities

17   expressly assumed by it pursuant to the APA.

18         T.     Except for the SBA Lien which shall be satisfied in full through the sale, the

19   Purchaser would not have agreed to the APA and would not consummate the Sale and

20   other transactions contemplated thereby if the Sale of the Purchased Assets were not

21   free and clear of any and all Encumbrances, except for the senior secured claim of

22   American Lending Center, LLC, or if the Purchaser would, or in the future could, be liable

23   for any Encumbrances of any kind or nature whatsoever, other than those it expressly

24   assumes under the APA.

25         U.     There is no legal or equitable reason to delay the Sale.  Cause exists to

26   waive, and not to apply, any stay imposed by Bankruptcy Rules 6004(h) and 6006(d) or

27   any other applicable rule or law. This Order shall be effective and enforceable

28   immediately upon entry hereof.

V.     No executory contract or unexpired lease shall be assumed by the Debtor or assigned by the Debtor to the Purchaser pursuant to the APA.

W.     No brokers commission or fee shall be payable by the Debtor or by the Purchaser in connection with the Sale.

X.     To the extent that any of the foregoing findings of fact constitutes a conclusion of law, it is adopted as such. To the extent that any of the foregoing conclusions of law constitutes a finding of fact, it is adopted as such.

Based upon the record in this case and the findings of fact and conclusions of law set forth hereinabove, pursuant to Bankruptcy Rules 6004, 6006, 7052 and 9014,

**IT IS HEREBY ORDERED THAT:**

1.     The Sale Motion is granted in all respects.  The Responses to the Sale Motion, and any other opposition to the Sale Motion and the entry of this Order, if any, that has not been withdrawn, waived or settled, are hereby overruled on the merits.  All entities given notice of the Sale Motion that failed to object timely thereto are deemed to consent to the relief sought therein.

2.     All of the terms and conditions of the APA and the transactions contemplated thereby are hereby approved in all respects under Sections 363 and 365 of the Bankruptcy Code.  Transfer of the Purchased Assets by the Debtor to the Purchaser shall be a legal, valid and effective transfer of the Purchased Assets free and clear of any and all Encumbrances, except for the senior secured claim of American Lending Center, LLC fka US Employment Development and the satisfaction of the SBA Lien.  The failure to specifically include any particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the APA be authorized and approved in its entirety.

3.     Pursuant to Sections 363(b) and (f) of the Bankruptcy Code, the Debtor is hereby authorized to sell and shall sell, and the Purchaser shall buy, the Purchased Assets on the terms and conditions set forth in the APA free and clear of any and all Encumbrances other than those expressly assumed by the Purchaser in the APA, except

1    for the co-senior secured claims of American Lending Center, LLC fka US Employment

2    Development and the satisfaction of the SBA Lien. Except only as provided expressly to

3    the contrary in this Order, any Encumbrances shall be transferred to and shall attach to

4    the net proceeds of the Sale under the APA to the same extent and in the same priority

5    that they encumbered the Purchased Assets prior to the Sale.

6            4.      Except for the senior secured claim of America Lending Center, LLC fka US

7    Employment Development the Purchaser is not assuming nor shall the Purchaser in any

8    way whatsoever be liable or responsible, as a successor or otherwise, for any

9    Encumbrances of or against the Debtor or Encumbrances in any way whatsoever relating

10    to or arising from the Purchased Assets or the Debtor's operations or use of the

11    Purchased Assets on or prior to the Closing Date or which are to be observed, paid,

12    discharged or performed on or prior to the Closing Date (in each case, including, without

13    limitation, any Encumbrances that result from, relate to or arise out of tort, product liability

14    or other claims, in the United States or elsewhere), or any Encumbrances calculable by

15    reference to the Debtor or its assets or operations, or relating to continuing conditions

16    existing on or prior to the Closing Date, which Encumbrances are hereby extinguished

17    insofar as they may give rise to successor or other liability of the Purchaser, without

18    regard to whether the claimant asserting any such Encumbrances has delivered to the

19    Purchaser a release thereof.  Without limiting the generality of the foregoing, the

20    Purchaser shall not be liable or responsible in any manner whatsoever, as a successor or

21    otherwise, for Encumbrances, whether calculable by reference to the Debtor or its

22    operations, or under or in connection with (i) any employment or labor agreements,

23    consulting agreements, severance arrangements, change-in-control agreements or other

24    similar agreements to which the Debtor is a party, (ii) any pension, welfare, compensation

25    or other employee benefit plans, agreements, practices and programs, including, without

26    limitation, any pension plan of the Debtor or an affiliate, (iii) the cessation of any of the

27    Debtor's operations, dismissal of employees, or termination of employment or labor

28    agreements or pension, welfare, compensation or other employee benefit plans,

agreements, practices and programs, obligations that might otherwise arise from or pursuant to the Employee Retirement Income Security Act of 1974, as amended, the Fair Labor Standard Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination and Employment Act of 1967, the Federal Rehabilitation Act of 1973, the National Labor Relations Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), the Worker Adjustment and Retraining Notification Act, or any such similar regulation in the United States or elsewhere, (iv) workmen's compensation, occupational disease or unemployment or temporary disability insurance claims, (v) environmental liabilities, debts, claims or obligations arising from conditions first existing on or prior to the Closing Date (including, without limitation, the presence of hazardous, toxic, polluting, or contamination substances or wastes), which may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.,* (vi) any bulk sales or similar law, (vii) any liabilities, debts, commitments or obligations of, or required to be paid by, the Debtor for any taxes of any kind for any period prior to the Closing Date, (viii) any liabilities, debts, commitments or obligations for any taxes relating to the Debtor's operations or the Purchased Assets for or applicable to any pre-Closing Date tax period, including any property taxes, except only for any stamp, documentary, sales and/or transfer taxes arising from and as a result of the Sale ("Sale Transaction Taxes"), (ix) any liabilities, debts, commitments or obligations of any kind under any contract or lease of the Debtor other than as expressly assumed by the Purchaser under the APA, (x) any litigation claims asserted against the Debtor or which may be asserted against the Debtor for any act or omission by the Debtor prior to the Closing, or (xi) any products liability or similar claims, whether pursuant to any federal laws or otherwise asserted against the Debtor or which may be asserted against the Debtor for any act or omission by the Debtor prior to the Closing.

5.      The recitation, in the immediately preceding paragraph of or elsewhere in this Order, of specific agreements, plans or statutes is not intended, and shall not be

1    construed, to limit in any way the generality of the categories of Encumbrances referred

2    to herein.

3          6.    Except for the senior secured claim of America Lending Center, LLC fka US

4    Employment Development all entities holding Encumbrances of any kind or nature

5    whatsoever against or in the Debtor, or the Purchased Assets (whether legal or equitable,

6    secured or unsecured, matured or unmatured, contingent or non-contingent, senior or

7    subordinated), arising under or out of, in connection with, or in any way relating to, the

8    Debtor, the Purchased Assets, the operation of the Debtor's businesses prior to Closing

9    Date, or the transfer of the Purchased Assets to the Purchaser, hereby are forever

10   barred, estopped, and permanently enjoined from asserting such entities' Encumbrances

11   against the Purchaser, its successors or assigns, property, or assets, whether or not a

12   party asserting any such Encumbrance has delivered to the Purchaser a release thereof.

13         7.    The Purchaser, as a buyer in good faith, shall be entitled to the protections

14   of Section 363(m) of the Bankruptcy Code if this Order or any authorization contained

15   herein is reversed or modified on appeal.  Pursuant to Section 363(m) of the Bankruptcy

16   Code, absent a stay of this Order pending appeal entered prior to the Closing of the

17   transaction contemplated by the APA, the reversal or modification on appeal of this

18   Order, or any provision hereof, shall not affect the validity of such transaction if such

19   transaction is closed prior to such stay, reversal or modification on appeal.

20         8.    Except for the senior secured claim of America Lending Center, LLC fka US

21   Employment Development in the event that any entity which has filed statements or other

22   documents or agreements evidencing Encumbrances with respect to the Purchased

23   Assets has not delivered in escrow to the Debtor's counsel prior to the Closing, in proper

24   form for filing and execution by the appropriate parties, termination statements,

25   instruments of satisfactions, releases of Encumbrances which such person or entity has

26   with respect to the Purchased Assets, the Debtor is hereby authorized and directed (and

27   the Purchaser is authorized on behalf of the Debtor after the Closing) to execute and file

28

or record such statements, instruments, releases, and other documents on behalf of such entity.

9.    All entities that are presently, or at Closing may be, in possession of some or all of the Purchased Assets (including any title to Purchased Assets) are hereby directed to surrender to the Purchaser at Closing possession of said assets and/or title to said assets.

10.    The Debtor, or the Purchaser on behalf of the Debtor after the closing, is authorized to surrender to parties-in-interest holding title to that certain personal property of the Debtor that the Purchaser is not purchasing. Specifically, the personal property assets owned by TREIF USA, Inc., and Smucker and specifically identified in ECF Docket Nos. 96 and 111 are expressly not being sold pursuant to this Sale Order.

11.    The Debtor is authorized and directed to execute, acknowledge and deliver such deeds, assignments, conveyances, and other assurances, documents, and instruments of transfer and take such other action that may be reasonably necessary or appropriate to perform the terms and provisions of the APA, and shall take any and all other acts for purposes of assigning, transferring, granting, conveying, and confirming to the Purchaser, or reducing to possession, any or all of the Purchased Assets and to execute such nonmaterial amendments to the APA and related agreements as may be required to effectuate the intent of the APA and the consummation of the Sale.

12.    This Court retains jurisdiction to: (i) enforce and implement the terms and provisions of the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith; (ii) compel delivery to the Purchaser of the Purchased Assets (including title to Purchased Assets); (iii) compel delivery of the Purchase Price under the APA; (iv) resolve any disputes, controversies or claims arising out of or relating to the APA; (v) interpret, implement and enforce the provisions of this Order; and (vi) protect the Purchaser against any Encumbrances of whatever nature that the Purchaser did not expressly assume under the APA.

13.    The provisions of this Order authorizing the Debtor to enter into and to perform its obligations under the APA and authorizing the transactions contemplated thereby shall be self-executing, and neither the Debtor nor the Purchaser shall be required to execute or file any releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and to implement the provisions hereof except as expressly provided to the contrary in the APA.  Notwithstanding the foregoing, the Debtor, the Purchaser and all other parties are authorized and directed to take any and all acts necessary or appropriate to effectuate, consummate and implement fully the APA consistent with their obligations under the APA.

14.    The automatic stay imposed by Section 362 of the Bankruptcy Code is hereby modified to the extent necessary or appropriate to implement the provisions of this Order and the terms of the APA.

15.    This Order is binding upon and inures to the benefit of any successors or assigns of the Debtor or the Purchaser, including any trustee appointed in the Debtor's case.  This Order shall remain binding and effective upon any conversion of the Debtor's case to one under Chapter 7 of the Bankruptcy Code or upon any dismissal of the Debtor's case.

16.    Except for the senior secured claim of America Lending Center, LLC fka US Employment Development this Order is and shall be (i) effective as a determination that, at Closing and after payment of the Purchase Price as provided for herein, all Encumbrances existing as to the Purchased Assets prior to the Closing Date have been unconditionally released, discharged and terminated as charges against the Purchased Assets and/or the Purchaser (but not as against any other person or entity or the proceeds of the Sale, to which the Encumbrances attach as previously provided, or as against the Debtor's estate, to which Encumbrances remain assertable in accordance with the terms and conditions hereof), and (ii) binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of

patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

17.    Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014, Rule 54(b) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7054, and any other applicable rule or law, this Order shall be effective and enforceable immediately upon entry hereof.  Absent the issue of a stay pending appeal of this Order prior to the Closing of the transaction contemplated by the APA, the Purchaser and the Debtor may elect to close the transaction contemplated by the APA prior to this Order becoming a final, non-appealable order.

18.    Nothing contained in any plan of reorganization or plan of liquidation that may be confirmed in the Debtor's bankruptcy case or any order of this Court confirming any such plan or any other order entered in the Debtor's bankruptcy case shall conflict with or derogate from the provisions of this Order.

19.    The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.  A copy of any executed, modified, amended or supplemented version of the APA shall be filed by the Debtor as soon as reasonably practicable after the execution thereof.

20.    The Purchased Assets are sold "as is, where is", and except for the representations and warranties set forth in the APA, no other representation or warranty is made or implied, including a warranty of fitness for a particular purpose, a warranty of merchantability, or otherwise.

21.    The Debtor is hereby authorized to abandon any Excluded Asset that the Debtor determines to be burdensome to its estate or of inconsequential value or benefit to its estate, without further notice or hearing, and any other secured creditor in this case, the Office of the United States Trustee, and on any creditor asserting an interest in or claim against such Excluded Asset, including but without limitation the personal property assets owned by TREIF USA, Inc. and Smucker and specifically identified in ECF Docket Nos. 96 and 111.

22.    All obligations associated with the Purchased Assets that arise after the Closing of the transaction contemplated by the APA shall be a liability of and shall be performed by the Purchaser.

23.    Good cause, valid reasons and the record of this case amply support entry of this Order.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  This Order shall be effective, and the parties may consummate the transactions approved by this Order, immediately upon entry of this Order.

24.    Except as set forth expressly herein to the contrary, no further notice or Court appearance shall be necessary to effectuate the foregoing.

25.    Star Milling Co. and/or its designee, North Star Pet Products, LLC, the Stalking Horse Bidder shall remain as the Qualified Backup Bidder and in the event the Purchaser fails to complete the Purchase the Debtor's assets on or before 30 (thirty) calendar days after entry of this Sale Order, Star Milling shall purchase the Debtor's Assets for $5,170,000 ($5,282,000 less Star Milling's entitlement to $112,000 Breakup fees).

26.    If the Purchaser timely completes the purchase of the Debtor's Assets, Star Milling shall be entitled to its Breakup Fee of $112,000 as provided in the Court's entered *Order Re: Sale and Bid Procedures* (ECF No. 129).  Star Milling Co. shall be paid its Breakup Fee on or before five (5) calendar days after the sale closes to the Purchaser. The $112,000 Breakup Fee will be paid to Star Milling Co. by a wire transfer or cashier's

1   check drawn from Debtor's counsel's account at Wells Fargo Bank, N.A. and sent via

2   overnight Federal Express to Star Milling Co.'s counsel.

3

4

5

6                   **[SIGNATURES ON FOLLOWING PAGE]**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRESENTED BY:**

**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**

By:___/s/ Thomas J. Polis_____
       Thomas J. Polis, Esq.
Counsel for Debtor and
Debtor-in-Possession Cal Premium Treats, Inc.

**APPROVED AS TO FORM AND CONTENT:**

**SANDRA R. BROWN**
**Acting United States Attorney**
**DOROTHY A. SCHOUTEN**
**Assistant United States Attorney**
**Chief, Civil Division**

By:___See Exhibit "A" for holographic signature
       Elan S. Levey, Esq.
Assistant United States Attorney
Attorneys for  U.S. Small Business Administration

**REID & HELLYER**

By:___See Exhibit "A" for holographic signature
       Mark Schnitzer, Esq.
Counsel for American Lending Center, LLC
fka U.S. Employment Dev. Lending

**LAW OFFICES OF BRADLEY SILVA**

By:___See Exhibit "A" for holographic signature
       Bradley Silva, Esq.
Counsel Star Milling Co.

**WHITEFORD TAYLOR & PRESTON, LLC**

By:   _See Exhibit "A" for holographic signature_
        Stephen B. Gerald, Esq.
Counsel for The J.M. Smucker Company
& Big Heart Pet Brands, Inc.

**TUNG & ASSOCIATES**

By:   _See Exhibit "A" for holographic signature_
        Catherine Allen, Esq.
Counsel for Gambol Pet Foods USA

**SNELL & WILMER**

By:   _See Exhibit "A" for holographic signature_
        Michael Reynolds, Esq.
Counsel for Treif USA, Inc.

###

Date: June 7, 2017

Scott C. Clarkson
United States Bankruptcy Judge

1  check drawn from Debtor's counsel's account at Wells Fargo Bank, N.A. and sent via

2  overnight Federal Express to Star Milling Co.'s counsel.

3  PRESENTED BY:

4

5  POLIS & ASSOCIATES
   A PROFESSIONAL LAW CORPORATION

6

7  By:___/s/ Thomas J. Polis_____
           Thomas J. Polis
8  Counsel for Debtor and
9  Debtor-in-Possession Cal Premium Treats, Inc.

10 APPROVED AS TO FORM AND CONTENT:

11 SANDRA R. BROWN
   Acting United States Attorney
12 DOROTHY A. SCHOUTEN
   Assistant United States Attorney
13 Chief, Civil Division

14

15 By: _Elan S. Levey_____
          Elan S. Levey, Esq.
16 Assistant United States Attorney
   Attorneys for  U.S. Small Business Administration
17

18 REID & HELLYER

19

20
   By: _____
21        Mark Schnitzer, Esq.
   Counsel for American Lending Center, LLC
22 fka U.S. Employment Dev. Lending

23

24 LAW OFFICES OF BRADLEY SILVA

25

26
   By: _____
27        Bradley Silva, Esq.
   Counsel Star Milling Co.
28

1   check drawn from Debtor's counsel's account at Wells Fargo Bank, N.A. and sent via

2   overnight Federal Express to Star Milling Co.'s counsel.

3   **PRESENTED BY:**

4

5   **POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION**

6

7   By:____/s/ Thomas J. Polis_____

8          Thomas J. Polis
       Counsel for Debtor and

9   Debtor-in-Possession Cal Premium Treats, Inc.

10  **APPROVED AS TO FORM AND CONTENT:**

11  **SANDRA R. BROWN
Acting United States Attorney**

12  **DOROTHY A. SCHOUTEN
Assistant United States Attorney**

13  **Chief, Civil Division**

14

15  By: _____

16          Elan S. Levey, Esq.
       Assistant United States Attorney

17  Attorneys for  U.S. Small Business Administration

18  **REID & HELLYER**

19

20  By: _____

21          Mark Schnitzer, Esq.
       Counsel for American Lending Center, LLC

22  fka U.S. Employment Dev. Lending

23

24  **LAW OFFICES OF BRADLEY SILVA**

25

26  By: _____

27          Bradley Silva, Esq.
       Counsel Star Milling Co.

28

**LAW OFFICES OF BRADLEY SILVA**

By: _____  6-6-17
     Bradley Silva, Esq.
Counsel Star Milling Co.

**WHITEFORD TAYLOR & PRESTON, LLC**


By:_____
     Stephen B. Gerald, Esq.
Counsel for The J.M. Smucker Company
& Big Heart Pet Brands, Inc.

**TUNG & ASSOCIATES**

By:_____
     Catherine Allen, Esq.
Counsel for Gambol Pet Foods USA

**SNELL & WILMER**

By: _____
     Michael Reynolds, Esq.
Counsel for Treif USA, Inc.


                                    ###

1

**WHITEFORD TAYLOR & PRESTON, LLC**

2

3    By: _S.B. by C.L. #415_

4    Stephen B. Gerald, Esq.
     Counsel for The J.M. Smucker Company
     & Big Heart Pet Brands, Inc.

5

6    **TUNG & ASSOCIATES**

7

8    By:_____
                Catherine Allen, Esq.
9    Counsel for Gambol Pet Foods USA

10
     **SNELL & WILMER**
11

12   By: _____
               Michael Reynolds, Esq.
13   Counsel for Treif USA, Inc.

14

15

16                                    ###

17

18

19

20

21

22

23

24

25

26

27

28

                                      18

1

**WHITEFORD TAYLOR & PRESTON, LLC**

2

3  By:_____
      Stephen B. Gerald, Esq.
4  Counsel for The J.M. Smucker Company
   & Big Heart Pet Brands, Inc.

5

6  **TUNG & ASSOCIATES**

7

8  By:_____
      Catherine Allen, Esq.
9  Counsel for Gambol Pet Foods USA

10

11  **SNELL & WILMER**

12  By: _____
      Michael Reynolds, Esq.
13  Counsel for Treif USA, Inc.

14

15

16                              ###

17

18

19

20

21

22

23

24

25

26

27

28

19

1    **WHITEFORD TAYLOR & PRESTON, LLC**

2

3    By:_____
          Stephen B. Gerald, Esq.
4    Counsel for The J.M. Smucker Company
     & Big Heart Pet Brands, Inc.
5

6    **TUNG & ASSOCIATES**

7    By:_____
           Catherine Allen, Esq.
8    Counsel for Gambol Pet Foods USA

9

10   **SNELL & WILMER**

11
     By:_____
12            Michael Reynolds, Esq.
     Counsel for Treif USA, Inc.
13

14

15
                                    ###
16

17

18

19

20

21

22

23

24

25

26

27

28